IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEFFREY VILINSKY,<br><br>           Plaintiff,<br><br>      v.<br><br>PHELAN HALLINAN & DIAMOND, PC.<br><br>           Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 15-650 (JBS/JS)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, Chief Judge:**

    Before the Court is Defendant Phelan Hallinan Diamond & Jones, PC's ("Phelan") motion to dismiss. [Docket item 9.] In this case, Plaintiff Jeffrey Vilinsky alleges that a notice he received in connection with a state court foreclosure action from Phelan, the law firm representing his mortgage holder, violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). Specifically, Plaintiff asserts the notice was sent directly to his home in violation of § 1692c, which prohibits a debt collector from communicating directly with a debtor whom it knows to be represented by counsel. Because the notice does not qualify as a "communication" as defined under § 1692a(2), the Court will grant Phelan's motion to dismiss. The Court finds as follows:

    1.   This Court has subject matter jurisdiction under 28 U.S.C. § 1331.

2.  On January 29, 2015, Plaintiff Jeffrey Vilinsky filed a one-count Complaint [Docket Item 1] against Phelan for deceptive and unfair debt collection practices under the FDCPA.[1] On March 23, 2015, Phelan filed the instant motion to dismiss. [Docket Item 9.] Plaintiff filed opposition [Docket Item 12] and Phelan filed a reply. [Docket Item 15.] The motion is decided without oral argument, pursuant to Rule 78, Fed. R. Civ. P.

3.  Phelan has moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). In deciding a motion to dismiss, a court must accept all well-pleaded allegations in the complaint as true and construe them in the light most favorable to the plaintiff. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). However, while a court must accept as true all factual allegations in a complaint, this principle does not apply to "legal conclusions," and a pleading that provides merely a "formulaic recitation of the elements of a cause of action" will be insufficient to survive the motion. Id. at 678.

---

[1] Plaintiff also lists in the caption of his Complaint fictitious parties, John Does I-X. The Complaint, however, is devoid of any description of or allegations regarding these fictitious parties.

4.  Plaintiff is the owner and resident of property in Fair Lawn, New Jersey. (Compl. [Docket Item 1] ¶ 5.) Phelan is a New Jersey law firm that specializes in debt collection litigation. (Id. ¶ 4.) On March 24, 2007, Plaintiff entered into a loan agreement and executed a promissory note secured by a mortgage on the property for $471,000 in favor of Quicken Loans. (Id. ¶¶ 6-7.) After closing, the loan was sold to a new creditor, Citmortgage, Inc. (Id. ¶¶ 8, 12.) Plaintiff subsequently defaulted on the loan obligation, and Citimortgage, Inc. hired Phelan to prosecute a foreclosure action. (Id. ¶¶ 11-12.) That prior action was dismissed in 2012. (Id. ¶ 12.)

5.  Pennymac Corp. later acquired the loan from Citimortgage, Inc. and retained Phelan as counsel for a second foreclosure action, filed January 15, 2013. (Id. ¶¶ 15-18.) After the trial for the second foreclosure action on March 10, 2014, the court referred the matter to the Office of Foreclosure to proceed on an uncontested basis. (Compl. Ex. 2.) Upon Plaintiff's request, the Court also included in its order a provision specifying that any future correspondence regarding the matter be sent directly to Plaintiff's counsel. (Id. ¶¶ 22-24, 27; Compl. Ex. 2.)

6.  On November 14, 2014, Pennymac Corp. sent a letter to Plaintiff's counsel at the law firm's address to inform him that

3

the mortgage loan had been sold on October 20, 2014 to the present owner, PMT NPL FINANCING 2014-1. (Id. ¶ 28.)

7. On January 9, 2015, Phelan sent a notice directly to Plaintiff's home as well as a copy to the office of Plaintiff's counsel. (Id. ¶¶ 29, 31.) The notice consisted of the court documents associated with Phelan's motion for entry of order substituting PMT NPL FINANCING 2014-1 for Pennymac Corp. in the foreclosure action, including the underlying "Assignment of Mortgage." (Id. ¶ 30; Compl. Ex. 1.) Whether this notice qualifies as a "communication" under the FDCPA is the principal issue presented by this case.[2]

8. Congress enacted the FDCPA in 1977 as a means to address abusive debt collection practices in light of an "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). "The FDCPA regulates 'debt collection' without defining that term." Simon v. FIA Card Servs., N.A., 732 F.3d 259, 265 (3d Cir. 2013). The FDCPA provides that "to be liable under the statute's substantive provisions, a debt collector's targeted conduct must have been taken 'in connection with the collection of any debt,' e.g., 15 U.S.C. §§ 1692c(a)-(b), 1692d, 1692e,

---

[2] It is undisputed that Plaintiff entered into a consumer debt transaction by executing a mortgage loan agreement and that Phelan is a debt collector as defined under 15 U.S.C. § 1692a(6).

4

1692g, or in order 'to collect any debt,' id. § 1692f." Id. Among other provisions, the FDCPA regulates the manner in which a debt collector is permitted to communicate with a debtor. Under 1692c(a)(2), a debt collector is prohibited from directly communicating with a consumer in connection with the collection of any debt "if the debt collector knows that the consumer is represented by an attorney with respect to such debt."[3] 15 U.S.C. § 1692c(a)(2). Section 1692a(2) defines "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium." Id. § 1692a(2). Thus, the present issue is whether the complaint states a claim that the defendant sent a communication in connection with the collection of a debt to the debtor plaintiff whom defendant knew to be represented by an attorney.

9. Phelan argues that Plaintiff's FDCPA claim fails as a matter of law because the notice in question is not a "communication in connection with the collection of any debt" within the scope of the FDCPA. In response, Plaintiff contends that "communication" is not limited to requests for payments and includes notices that are sent in the context of litigation, such as the notice at issue here.[4]

---

[3] Section 1692c(a)(2) provides:
   Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not

10.  Plaintiff properly notes that an actionable "communication" under the FDCPA need not make a demand for payment. Simon, 732 F.3d at 265-66. A "communication" need only convey "information regarding a debt" and is not limited to specific requests for payment. Id. at 266. However, the Third Circuit has not adopted a bright-line rule to determine whether a communication "conveys information regarding a debt." See id. at 266-67. Debt collection activity has been interpreted to include "activity undertaken for the general purpose of inducing payment." McLaughlin v. Phelan Hallinan & Schmieg, LLP, 756 F.3d

---

> communicate with a consumer in connection with the collection of any debt—
> . . .
> (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer . . . .

15 U.S.C. § 1692c(a)(2).

[4] It is undisputed that court-related documents may constitute a communication under the FDCPA. However, not all court-related documents are covered by the FDCPA. In Kaymark v. Bank of Am., N.A., 783 F.3d 168, 177 (3d Cir. 2015), the Third Circuit recently considered whether a foreclosure complaint which listed disputed fees as due and owing constituted an actionable misrepresentation under the FDCPA. Kaymark v. Bank of Am., N.A., 783 F.3d 168, 177 (3d Cir. 2015) ("We conclude that a communication cannot be uniquely exempted from the FDCPA because it is a formal pleading or, in particular, a complaint."). Accordingly, Kaymark simply confirms that whether a communication arises in the context of litigation is not dispositive of the question presented and the Court must analyze the notice at issue in the same manner it would any other communication potentially covered by the FDCPA.

6

240, 245 (3d Cir.), cert. denied, 135 S.Ct. 487 (2014). Although not limited to explicit demands for payment, a "communication" may constitute "debt collection activity" based on "discussions of the status of payment, offers of alternatives to default, and requests for financial information." McLaughlin, 756 F.3d at 245 (citing Simon, 723 F.3d at 266). The Third Circuit has cited favorably to the Seventh Circuit's test articulated in Gburek v. Litton Loan Servicing LP, 614 F.3d 380 (7th Cir. 2010). See Simon, 732 F.3d at 266; McLaughlin, 756 F.3d at 245. In Gburek, the Court of Appeals considered whether a communication includes an explicit demand for payment, the relationship between the parties, and the purpose and context of the communication. Gburek, 614 F.3d at 386.

    11. Moreover, the Court finds guidance in the specific factual circumstances addressed by the Third Circuit in these recent cases considering what constitutes a "communication" for purposes of the FDCPA. In Allen ex rel. Martin v. LaSalle Bank, N.A., 629 F.3d 364 (3d Cir. 2011), the Court of Appeals noted that two letters sent in the context of a mortgage foreclosure action on behalf of the bank to plaintiff's attorney "undoubtedly" fell within the FDCPA's definition of a communication. Id. at 368 n.5. The first letter indicated the principal balance remaining on plaintiff's mortgage, other charges due to the loan servicer, and charges for attorney fees

7

and costs. Id. at 365. The second letter itemized the attorney fees and costs referenced in the first letter. Id. at 366. In Simon, the Court of Appeals held that letters sent to plaintiffs' counsel in the context of a bankruptcy proceeding, which stated that plaintiffs had defaulted on their credit obligations, noted that the debt collector was considering challenging the dischargeability of the debt, and offered alternatives for payment of the debt, including a partial payment plan, constituted "an attempt to collect" the debt and were communications within the FDCPA. Simon, 732 F.3d at 267. In McLaughlin, the law firm retained by a mortgage company sent a letter to plaintiff indicating the amount of his debt as of a certain date as well as amounts due for attorney's fees and other costs. McLaughlin, 756 F.3d at 243. The Court of Appeals found it "reasonable to infer that an entity that identifies itself as a debt collector, lays out the amount of the debt, and explains how to obtain current payoff quotes has engaged in a communication related to collecting a debt." Id. at 246.

    12.   The present case is easily distinguished from these Third Circuit guideposts. It is undisputed that the notice does not contain an explicit demand for payment. Unlike Simon, where the letters proposed alternative payment options, Allen, where the notice contained specifics about associated fees and costs, and McLaughlin, where the letter provided in plain language

8

extensive information concerning the debt, the notice at issue here cannot be construed as attempting to "induce payment" of Plaintiff's debt. It does not include information about Plaintiff's debt balance or other charges due.[5] Nor does it offer alternatives to payment or explain how to obtain more information about the debt. Instead, the notice, sent nearly ten months after the foreclosure action was deemed uncontested, simply provides notice to the defendant in a foreclosure action (Plaintiff here) regarding the substitution of PMT NPL FINANCING 2014-1 in place of Pennymac Corp. as plaintiff. The cover letter clearly states in a single sentence that Phelan enclosed a copy of their "Notice of Motion for Entry of Order Substituting Plaintiff." This is a procedural notice unrelated to the status or payment of the debt.[6] Because the notice did not make an explicit demand for payment or suggest the underlying purpose of "inducing payment," it falls outside of the scope of

---

[5] The Court notes that Phelan's mailing to Plaintiff included the underlying proofs in support of its motion for entry of order substituting plaintiff, namely the "Assignment of Mortgage," which reflected the original loan amount of $471,000. Notably however, there is no reference to the current balance of the mortgage or any other outstanding costs and fees.

[6] The Court further agrees with Phelan that because the underlying mortgage foreclosure action was deemed uncontested on March 10, 2014, the mailing of the notice at issue was essentially ministerial.

"communication" under the FDCPA as interpreted by the Third Circuit.[7]

    13. Additionally, the Court finds persuasive Judge Martini's reasoning in the factually similar case of Gregory v. Nationstar Mortgage, LLC, Civ. 13-6952 (WJM), 2014 WL 1875167 (D.N.J. May 9, 2014). In Gregory, Judge Martini weighed the Gburek factors to determine whether three letters sent by a debt collector to plaintiff regarding his mortgage gave rise to a cause of action under the FDCPA. Id. at *4. Of particular

---

[7] Phelan cites Palisades Collection, LLC v. Kuchinsky, No. L-3805-12, 2014 WL 7883575 (N.J. Super. Ct. App. Div. Feb. 18, 2015) for the broad proposition that all communications sent in accordance with the New Jersey State Rules are exempt from the FDCPA. See Kuchinsky, 2014 WL 7883575, at *2 ("Because plaintiff had 'the express permission of a court of competent jurisdiction' to serve defendant directly, 15 U.S.C.A. § 1692c(a)(2), its actions fell within the FCDPA's exception and 'the FDCPA and our court rules do not conflict.' Hodges v. Sasil Corp., 189 N.J. 210, 230 (2007)."). Even if this were true and Phelan's conduct was expressly permitted by a New Jersey Court rule, Plaintiff alleges that, upon the request of Plaintiff's counsel, the state court entered an order stating that "all future notices in this matter to the defendant shall be sent to Adam Deutsch, Esq." (Compl. ¶ 27.) Plaintiff thus plausibly argues that sending the notice at issue directly to Plaintiff violated the state court's order. This is sufficient to distinguish the instant case from Kuchinsky. Therefore, the Court does not rely on a finding that the January 9, 2015 communication falls within an exception to the FDCPA. Additionally, Phelan suggests in briefing that Plaintiff's counsel in filing this litigation and others impermissibly seeks to expand the scope of the FDCPA. In support of this contention, Phelan attaches an article on the FDCPA authored by Plaintiff's counsel, as well as an article referenced on Plaintiff's counsel's website. Phelan's argument regarding the personal views of Plaintiff's counsel are wholly irrelevant to the Court's analysis and do not warrant consideration.

relevance to the instant matter is the first letter at issue in Gregory, which like the notice in this case, simply notified the debtor of a change in the mortgage servicer. Id. at *1. The court found that the relationship between the parties as debtor and debt collector was the only factor in favor of finding the letter to be a "communication" under the FDCPA. Id. at *4. The court found this factor outweighed by the absence of a demand for payment and the clear purpose of the letter, which was to "convey information" rather than to "induce payment." Id. Therefore, Judge Martini concluded that letter was not a "communication" within the scope of the FDCPA.[8] Id. As in Gregory, the only ascertainable purpose of the notice at issue here is to provide notice of Phelan's motion to substitute the plaintiff in the foreclosure action based on an assignment of the mortgage. There is no demand for payment, nor any language that could be construed as an attempt to induce payment. The Court thus concludes that the January 9, 2015 notice primarily sought to "convey information" regarding the substitution of a party in the foreclosure action and is not a communication within the scope of the FDCPA.

---

[8] Plaintiff attempts to distinguish Gregory on the basis that the relevant FDCPA provision in the case is 15 U.S.C. § 1692g rather than § 1692c. However, the relevant inquiry in both instances is whether the communication involved is "in connection with the collection of any debt" and the same analysis to determine what constitutes a "communication" for purposes of the FDCPA applies.

11

14.  For the foregoing reasons, the Court will grant Phelan's motion to dismiss.


**June 16, 2015**           **s/ Jerome B. Simandle**
Date                         JEROME B. SIMANDLE
                             Chief U.S. District Judge