IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEFFREY VILINSKY, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | |
| v. | Civil Action No. 15-650 (JBS/JS) |
| PHELAN HALLINAN DIAMOND & JONES, PC, | **MEMORANDUM OPINION** |
| Defendant. | |

**SIMANDLE, Chief Judge:**

Before the Court is Defendant Phelan Hallinan Diamond & Jones, PC's ("Phelan") motion for sanctions against Plaintiff Jeffrey Vilinsky's counsel pursuant to Fed. R. Civ. P. 11 and the Court's inherent powers. [Docket Item 21.] The Court will deny Phelan's request for sanctions because Plaintiff's counsel has not engaged in sanctionable conduct. The Court finds as follows:

1.   On January 29, 2015, Plaintiff Jeffrey Vilinsky filed a one-count Complaint [Docket Item 1] against Phelan for deceptive and unfair debt collection practices under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). Plaintiff alleged that a notice sent directly to his home by Phelan was in violation of § 1692c, which prohibits a debt collector from communicating directly with a debtor whom it

knows to be represented by counsel. On March 23, 2015, Phelan filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). [Docket Item 9.] Plaintiff filed an opposition [Docket Item 12] and Phelan filed a reply. [Docket Item 15.]

2.    On June 16, 2015, the Court granted Phelan's motion to dismiss. [Docket Item 16.] The Court found that the notice did not qualify as a "communication" within the scope of the FDCPA because the notice primarily sought to convey information regarding the substitution of a party in Vilinsky's foreclosure action and contained no language that could be construed as an attempt to induce payment.

3.    Phelan now moves for sanctions against Plaintiff's counsel Adam Deutsch, Esq., and the law firm of Denbeaux & Denbeaux based on their filing of Plaintiff's FDCPA claim. [Docket Item 21.] They assert that sanctions are warranted because "[t]his matter is one of several FDCPA cases initiated by Denbeaux against [Phelan] and other law firms similarly situated," each of these suits is "devoid of merit," and that sanctions are the only way to deter "more of this type of frivolous litigation." (Phelan Mem. Supp. Mot. Sanctions, at 1, 8.)

4.    In Opposition [Docket Item 23], Plaintiff's counsel argues that sanctions are unwarranted because his complaint was

2

supported by an objectively reasonable interpretation of the law. Counsel asserts that what constitutes a "communication" for the purposes of the FDCPA is an "unsettled question of law" and that courts in the District of New Jersey have issued conflicting interpretations of the applicable provisions of the Act. (Plaintiff's Mem. Opp. Mot. Sanctions, at 4-5.)

5.    In its Reply [Docket Item 24], Phelan argues that Plaintiff's counsel misstates the law to make the Third Circuit's and the District of New Jersey's law on the FDCPA appear unsettled. Phelan also argues that Plaintiff's FDCPA claim would not survive under the law of any Circuit. Finally, Phelan emphasizes that Plaintiff's suit is one of six currently filed in the state and federal courts of New Jersey by the Denbeaux & Denbeaux law firm against Phelan and other similarly situated firms, and that Denbeaux & Denbeaux intends to "flood this Court" with similar cases to generate legal fees for itself. (Phelan Reply, at 5.)

6.    Phelan seeks sanctions for Plaintiff's counsel's improper and bad-faith conduct on two grounds: Fed. R. Civ. P. 11 and the Court's inherent power.

7.    Fed. R. Civ. P. 11(b) provides that "[b]y presenting to the court a pleading, written motion, or other paper . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry

3

reasonable under the circumstances: (1) it is not being
presented for any improper purpose . . . ; (2) the claims,
defenses, and other legal contentions are warranted by existing
law or by a nonfrivolous argument for extending, modifying, or
reversing existing law or for establishing new law; (3) the
factual contentions have evidentiary support . . . ." If Rule
11(b) is violated, then Rule 11(c) permits the Court to impose
sanctions, including reasonable expenses or nonmonetary
directives.

   8.   Rule 11 provides that attorneys may be sanctioned if
they fail to make an objectively reasonable inquiry into the
legal legitimacy of a pleading. Fed. R. Civ. P. 11(b)(2) & (c);
Gaiardo v. Ethyl Corp., 835 F.2d 479, 48. (3d Cir. 1987).
Attorneys are required to conduct a "normally competent level of
legal research to support the[ir] presentation." Simmerman v.
Corino, 27 F.3d 58, 62 (3d Cir. 1994) (quoting Mary Ann
Pensiero, Inc. v. Lingle, 847 F.2d 90, 94 (3d Cir. 1988)).
Sanctions should be issued "only in the 'exceptional
circumstance', where a claim or motion is patently unmeritorious
or frivolous." Doering v. Union Cnty. Bd. of Chosen Freeholders,
857 F.2d 191, 194 (3d Cir. 1988) (quoting Gaiardo, 835 F.2d at
483). The mere failure of a party to prevail does not permit the
imposition of sanctions. Gaiardo, 835 F.2d at 483. Rule 11
sanctions may be imposed even in the absence of subjective bad

4

faith. <u>Lieb v. Topstone Indus., Inc.</u>, 788 F.2d 151, 157 (3d Cir. 1986).

9.    Imposition of Rule 11 sanctions is discretionary. The advisory committee note to the 1993 Amendments to Rule 11 stated, "The court has significant discretion in determining what sanctions, if any, should be imposed for a violation . . . ."; <u>see also</u> <u>Grider v. Keystone Health Plan Cent., Inc.,</u> 580 F.3d 119, 146 n.28 (3d Cir. 2009) ("the imposition of sanctions for a Rule 11 violation is discretionary rather than mandatory") (quoting <u>Knipe v. Skinner</u>, 19 F.3d 72, 78) (2d Cir. 1994)).

10.    The Court may also impose sanctions on a party pursuant to the court's inherent authority to control litigation. <u>Chambers v. NASCO, Inc.,</u> 501 U.S. 32, 35 (1991). This usually requires a finding of bad faith. <u>In re Prudential Ins. Co. American Sales Practice Litig. Agent Actions</u>, 278 F.3d 175, 181 (3d Cir. 2002). Sanctions under the Court's inherent power are disfavored where other statutory or rules-based sanctions are available. <u>Id</u>. at 189. [1]

---

[1] Phelan notes in its Reply that Plaintiff's counsel did not address its argument regarding the Court's inherent power to impose sanctions in its Opposition and asks the Court to grant the motion unopposed. (Phelan Reply, at 4.) For the reasons stated below, the Court will deny Phelan's request.

11.   Sanctions are not warranted under Fed. R. Civ. P. 11.
The Court will deny Phelan's request for sanctions because
Plaintiff's counsel has not exhibited unreasonable conduct.

12.   Phelan argues that this action was obviously
meritless. The Court disagrees. Prior case law did not dictate
the outcome of Plaintiff's suit such that his bringing of this
lawsuit was objectively baseless. The Court of Appeals in <u>Ario
v. Underwriting Members of Syndicate 53 at Lloyds for 1998 Year
of Account</u>, 618 F.3d 277, 297 (3d Cir. 2010) distinguished
situations where a party relies on case law that the court
ultimately finds unpersuasive from those where existing cases
"expressly foreclose" a party's argument. <u>Id</u>. Plaintiff's claim
is the former.

13.   Although the Court disagreed with Plaintiff's
counsel's readings of the cases presented in his opposition to
Phelan's motion to dismiss, the Court does not now find that
counsel missed the mark widely enough for sanctions. Indeed,
these cases all note that a communication need not be an
explicit demand for payment to be subject to the Act. <u>See
McLaughlin v. Phelan Hallinan & Schmieg, LLP</u>, 756 F.3d 240, 245
(3d Cir. 2014) ("Thus, a communication need not contain an
explicit demand for payment to constitute debt collection
activity"); <u>Simon v. FIA Card Services, N.A.</u>, 732 F.3d 259, 265-
66 (3d Cir. 2013) ("The absence of an explicit payment demand

does not take the communication outside the FDCPA."); <u>Allen ex</u>
<u>rel. Martin v. LaSalle Bank, N.A.</u>, 629 F.3d 364, 368 n.5 (3d
Cir. 2011) ("A communication, however, is 'the conveying of
information regarding a debt' and is not limited to specific
requests for payment. § 1692a(2)"). Rather than adopting a
bright-line rule to determine whether a communication "conveys
information regarding a debt" under the FDCPA, the Third Circuit
Court of Appeals has cited favorably to the Seventh Circuit's
balancing test articulated in <u>Gburek v. Litton Loan Servicing</u>
<u>LP</u>, 614 F.3d 380 (7th Cir. 2010). <u>See Simon</u>, 732 F.3d at 266;
<u>McLaughlin</u>, 756 F.3d at 245. In <u>Gburek</u>, the Court of Appeals
considered whether a communication includes an explicit demand
for payment, the relationship between the parties, and the
purpose and context of the communication. <u>Gburek</u>, 614 F.3d at
386.

14.  Plaintiff's counsel's efforts here are not so
unreasonable as to rise to sanctionable conduct. Although
counsel balances the <u>Gburek</u> factors differently from the Court
(Plaintiff's Mem. Opp. Mot. Dismiss, at 12); draws unwarranted
conclusions from the cases, assuming that because not every
communication from a debt collector to a debtor must be an
explicit request for payment to be covered by the FDCPA, all
communications between a debt collector and a debtor must be
covered by the FDCPA (Id. at 11-12); misrepresents the cases in

7

this District to make the law appear "unsettled" (Plaintiff's
Mem. Opp. Mot. Sanctions at 4-5); and never addresses binding
precedent holding that debt collection activity has been
interpreted to include only "activity undertaken for the general
purpose of inducing payment" (Memo Op. at 6), these actions do
not cross the line from zealous advocacy for one's client to an
abuse of the legal process.

    15.  Plaintiff's counsel has not failed to educate himself
on a new area of law or ignored clearly established rules of
law. See Zuk v. E. Pa. Psychiatric Institute of the Med. College
of Pa., 103 F.3d 294, 299-300 (3d Cir. 1996) (upholding
sanctions where counsel neglected to investigate the facts of
the case and exhibited a weak grasp of the relevant area of
law); Watson v. City of Salem, 934 F. Supp. 643, 664 (D.N.J.
1995) (imposing sanctions where plaintiff's claim was clearly
barred both by state statute and New Jersey Supreme Court
precedent). Nor has he failed to uncover any controlling
precedent that expressly rejects Plaintiff's claim that could be
found through a simple search. See Golden v. Helen Sigman &
Associates, Ltd., 611 F.3d 356, 364 (7th Cir. 2010) (finding
sanctions appropriate where "a simple natural language search"
of key phrases in Westlaw immediately uncovered cases barring
plaintiff's claim).

16.   Plaintiff's position is a nonfrivolous, although ultimately unpersuasive, effort to extend the "broad gloss on 'communication'" our existing cases stand for, as is permitted under Rule 11. Simon, 732 F.3d at 267.

17.   Phelan also argues that Plaintiff's counsel brings this case, and others like it, in bad faith as part of a "mercenary mission" to generate legal fees, justifying sanctions under Rule 11 and the Court's inherent powers. (Phelan Reply at 5.) "Indications of this bad faith are findings that the claims advanced were meritless, that counsel knew or should have known this, and that the motive for filing the suit was for an improper purpose such as harassment." Prudential Ins. Co., 278 F.3d at 188 (quoting Smith v. Detroit Fed'n of Teachers Local 231, Am. Fed. of Teachers, AFL-CIO, 829 F.2d 1370, 1375 (6th Cir. 1987)). "[B]ad faith should not be lightly inferred, and counsel should be given significant leeway to pursue arguments on a client's behalf." Lewis v. Smith, 480 Fed. Appx. 696, 699 (3d Cir. 2012).

18.   This unsuccessful effort to extend the reach of a forbidden "communication" for purposes of the FDCPA at 15 U.S.C. § 1692c approaches the threshold of frivolous or vexatious litigation. No precedent of the Supreme Court, Third Circuit or District of New Jersey supports liability for the type of notice sent in this case. As these precedents unfavorable to

Plaintiff's position mount up, it becomes less reasonable to file new pleadings asserting the same cause of action. Though it is a close call, this Court is not of the view that sanctioning Plaintiff's counsel is appropriate before the tipping-point of frivolousness has been reached. Perhaps the precedent of this case, going forward, will be seen as foreclosing any reasonable basis for Plaintiff's counsel's theory of § 1692c liability, and counsel is thus warned of this distinct risk. But upon the present record, the Court does not conclude that Plaintiff's filing of this unsuccessful claim demonstrated such bad faith, at the time of filing, that sanctions under the Court's inherent powers are triggered.

    19.   The accompanying Order will be entered.

__October 13, 2015__                    __s/ Jerome B. Simandle__
Date                                    JEROME B. SIMANDLE
                                        Chief U.S. District Judge

10